CRANE PACKING COMPANY, a corporation, and Beth Bernice Green, individually and as executrix of Earl J. Bullard, deceased, Plaintiffs,

v.

SPITFIRE TOOL & MACHINE CO., Inc., a corporation, Defendant.

No. 58 C 71.

United States District Court
N. D. Illinois, E. D.
July 30, 1959.

928

Horton, Davis & McCaleb, Warren C. Horton and Charles F. Voytech, Chicago, Ill., Nicholson, Nisen & Elliott, Chicago, Ill., for plaintiff.

Clarence E. Threedy, Edward C. Threedy, Chicago, Ill., for defendant.

CAMPBELL, Chief Judge.

Plaintiffs bring this action against defendant for infringement of Claims 1 to 4, inclusive, and 9 to 14, inclusive, of United States Letters Patent No. Re. 23,937, issued to Earl J. Bullard on February 8, 1955, on a lapping machine. Defendant denies infringement of the aforesaid patent, asserts that it is invalid and by way of counterclaim, seeks a declaratory judgment with respect to the validity and infringement of the aforesaid patent.

A lapping machine is a particular type of fine grinding machine designed and intended to impart to a work piece a finely finished surface. It comprises one or more lapping surfaces, each of which is known as a lap plate, generally made of cast-iron, upon which an abrasive compound is applied. The work piece or article to be lapped is then moved over the surface of the lap plate until the desired surface is obtained on the work piece, or as nearly to the desired surface as the capabilities of the machine permit. The lapping of a work piece causes wear and abrasion not only on the surface of the work piece but also on the surface of the lap, or lap plate, resulting in the lap surface becoming grooved or roughened, and losing its "true" or desired surface. When this occurs the lap surface must be restored to its desired or true condition.

The patent in suit discloses maintenance of a true flat surface on the lap place, or changing it from a convex to a flat, or to a concave surface, and vice-versa. A wear ring (or a plurality thereof) is placed on the surface of an annular lap plate having an inner edge around a central cavity, and an outer edge. The wear ring is adapted to hold work pieces which may be placed within the ring in a work holder. Usually the work is maintained in place within the ring by having placed over it within the ring a felt pad and a pressure plate. The ring is then maintained upon the lap surface by adjustable pivot means or bearings which are adjustable so that the ring may be adjusted radially on the surface of the lap plate. As the lap plate is rotated, the frictional relationship between it and the lap ring causes the latter to rotate but not to travel with the lap plate surface since the lap ring is restrained from such travel by the adjustable pivot. The ring, therefore, rotates on the lap plate and by frictional relationship also rotates the pieces within the ring, that is, the work holder, the

work therein, the felt pad and the pressure plate, if present. In its rotation on the lap plate, and the simultaneous rotation of the plate, the wear ring of the patent in suit wears away the surface of the lap and maintains a flat surface thereon both truing the plate and holding the work at the same time. By moving the wear ring of the patent in suit radially between the outer edge and the inner edge of the lap plate, the pressure of the ring and of portions thereof on the lap plate will be made to vary. As a result, the lap plate may be caused to have a convex surface, a concave surface or a flat surface as desired, and grooves in the lap plate are removed as they may be formed by pressure of the work pieces against the abrasive material on the lap plate.

Reissue Claims 1 to 4, inclusive, and Claims 9 and 10 are all claims of patent No. 2,565,590 and remain unchanged in the reissue patent. Substantially, they cover an apparatus for forming a true surface of predetermined contour upon an article. Reissue Claims 11 to 14, inclusive, are added as a result of the reissue patent. Reissue Claims 11 and 12 cover the method of changing the contour of the surface of an annular lap to cause it to conform to a standard surface whether that standard surface be flat, concave or convex. Reissue Claims 13 and 14 cover an apparatus for forming a plane surface on an article.

Defendant, by its answer and counterclaim as amended, contends that:

(1) Claims 1 to 4, 9 and 10 are invalid as defining an aggregation;

(2) Claims 11 to 14, inclusive, are invalid because of public use and sale;

(3) Claims 1 to 4, 9 and 10 are invalid in view of certain prior art patents;

(4) Claims 11 to 14 are anticipated by certain prior art patents;

(5) Claims 1 to 4 and 9 to 14, inclusive, are invalid on the grounds of indefiniteness;

(6) Claims 11 to 14, inclusive, are invalid as not covering the invention intended to be covered by Bullard in his original patent No. 2,565,590;

(7) The reissue patent was wrongfully issued;

(8) The claims in issue are invalid because the patentee failed to comply with Sec. 112 of the 1952 Patent Act;

(9) Claims 1 to 4 and 9 to 14, inclusive, are not infringed by defendant's device.

■ I now consider defendant's first contention. It is well established law that "the mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that heretofore performed or produced by them is not patentable invention." Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 151, 71 S.Ct. 127, 130, 95 L.Ed. 162; Anderson Co. v. Sears, Roebuck and Co., 7 Cir., 265 F.2d 755. Pleatmaster, Inc. v. J. L. Golding Mfg. Co., 7 Cir., 240 F.2d 894, 899. Conversely, "a novel combination of old elements which so cooperate with each other so as to produce a new and useful result or a substantial increase in efficiency, is patentable." Anderson Co. v. Sears, Roebuck and Co., supra, [265 F.2d 762]; Weller Manufacturing Co. v. Wen Products, Inc., 7 Cir., 231 F.2d 795, 798. In Anderson Co. v. Sears, Roebuck and Co., supra, the Court further explains the rule by pointing out that it is not patentable invention "where the result obtained was obvious, expected, old or merely an improvement over an old result."

A comparison of the reissue patent in suit, as shown in Fig. 1, with Morton patent 1,691,120, as shown in Fig. 5, in light of Hoke patent 1,536,714 as shown in Fig. 1, is as follows:

As shown in the Morton patent, 3 is a rotatable lap comparable to the lap 1 of the Bullard device. 1 is a means in the form of a ring comparable to the ring 61 of the Bullard device which maintains the surface of the lap in condition and which ring 1 of the Morton, like the Bullard ring 61, is rotated about

its own center and also relative to the lap. While Morton does not show a work holder such as the Bullard work holder 62 within the ring 1, such a work holder is shown in the Hoke patent at 35. It appears that the work holder 35 of Hoke can be bodily lifted out of the Hoke device and placed within the ring 1 of the Morton device with the apparent result that the work holder 35 of Hoke would function substantially in the same manner as it did in the assembly of the Hoke device and in the same manner as the Bullard work holder 62.

A comparison of the reissue patent in suit, as shown in Fig. 1, with Desenberg patent No. 2,352,146, as shown in Fig. 1, and Hoke patent No. 1,536,714, as shown in Fig. 1, is as follows:

The device of the Desenberg patent is a lapping or grinding machine with a rotatable lap 17 comparable to the lap 1 of the Bullard device. 19 is a work holder comparable to the work holder 62 of Bullard for holding the article on the lap. Means in the form of a ring 32 maintains the surface of the lap of Desenberg in condition and is comparable to the ring 61 of Bullard. The ring 32 of Desenberg has a pivoted support 41. While the ring 32 does not encircle the work holder 19 nor contact the same, the Hoke patent discloses a rotatable and oscillatory ring 20 within which a work holder 35 is mounted and contacts the ring and is caused to rotate by rotation and oscillation of the ring 20 and by frictional engagement with the opposite laps 10 and 13, as shown in Fig. 2.

The German patent No. 345,443 has a lap (a) like the lap 1 of the reissue patent including inner and outer peripheries. The constraining means (work holders c) are adjustably carried by the rods (K). In the German patent it is stated: "The holding means are also here again disposed offset, so that the work-pieces interchangeably pass along over inner and outer rims of the grinding ring in order to insure continuously the evenness of the grinding ring."

In light of the above prior art, it appears that the patentee Bullard has combined the lap, the work holder, the rotating means, the truing ring, and the pivoted support of Desenberg with the work holder 35 and the spider 20 of Hoke and the constraining or holding means of either Morton or the German patent. It also appears from the evidence that the work pieces to be lapped can be contained within the wear ring with or without a work holder, or can be held on the lap outside of the wear ring with the same function and result. Customers often omit the work holder, the pressure plate and felt pads when using the apparatus of reissue Claims 1 to 4, 9 and 10.

■ I hold the reissue Claims 1 to 4, 9 and 10 to be a mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that heretofore performed or produced by them. The result obtained was obvious, expected and merely an improvement over an old result. As such it is not patentable invention.

I now consider defendant's second contention.

■ Title 35 U.S.C. § 102(b) provides that a patent shall issue unless the invention " * * * was * * * in public use or on sale in this country, more than one year prior to the date of the application for the patent * * * " Title 35 U.S.C. § 251 provides in part as follows:

"The provisions of this title relating to applications for patent shall be applicable to applications for reissue of a patent * * *

"No reissued patent shall be granted enlarging the scope of the claims of the original patent unless applied for within two years from the grant of the original patent."

I hold that the two-year limitation contained in the fourth paragraph of Section 251, as quoted above, merely limits the time within which a reissue patent may be filed for the purpose of enlarging the scope of the claims of the original patent. It does not abridge or conflict with either Section 102(b) or the third

paragraph of Section 251 as quoted above.

Title 35 U.S.C. § 252 provides that a " * * * reissued patent, to the extent that its claims are identical with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent."

█ It follows from the above Sections that a reissue patent has to relate back to the filing date of the application for the original patent in order to avoid the consequence of public use and sale. To relate back to the filing date of the application for the original patent, the reissue patent must constitute a continuation of the original patent. In order for the reissue patent to be a continuation of the original patent and thereby relate back to the filing date of the application for the original patent, the claims of the reissue patent must be identical to the claims of the original patent.

█ I hold that reissue Claims 11 to 14, inclusive, are not identical with any claim of the original patent; that they are not a continuation of the application on which the original patent issued; that they do not relate back to the filing date of the application for the original patent but are to be computed from July 25, 1953, on the question of public use and sale.

Since the evidence demonstrates that the device of reissue Claims 11 to 14, inclusive, was on sale and in use more than one year prior to July 25, 1953, I hold reissue Claims 11 to 14, inclusive to be invalid.

█ As to defendant's third contention, I hold Claims 1 to 4, 9 and 10 invalid in view of Hoke, patent No. 1,536,-714; Morton, patent No. 1,691,120; Desenberg, patent No. 2,352,146; German (Missler), patent No. 345,443 which have been described in regard to defendant's first contention. The foregoing examples of prior art and evidence concerning devices in commercial use sustain the conclusion that one having ordinary skill in the art would find the claim-

ed invention obvious. Enterprise Railway Equipment Co. v. Keystone Railway Equipment Co., 7 Cir., 267 F.2d 102. These features had been employed in other similar devices. Their adaption by plaintiff resulted in an improvement but represents no more ingenuity than the work of a mechanic skilled in the art. There are no unusual or surprising consequences from the unification of the elements here concerned. Senco Products, Inc. v. Fastener Corp., 7 Cir., 269 F.2d 33.

I now consider defendant's forth contention.

█ Since, as I pointed out in defendant's second contention, the reissue patent, as to Claims 11 to 14, speaks from the filing date, June 25, 1953, the Roshong patent No. 2,627,144 is a valid reference under the defense of anticipation because it was issued February 3, 1953, on an application filed March 21, 1950.

A comparison of the reissue patent, as shown in Figs. 1 and 4 and the Roshong patent, as shown in Fig. 1, is as follows:

Roshong shows a lap 12 having inside and outside peripheral edges rotatable about a fixed axis, a dressing tool 16 which is positioned to rest upon the lap surface with the outside edge of the tool extending beyond the peripheral edges of the lap surface to provide an overhang of both the inside and outside peripheral edges. There is a means 18 and its associated parts for constraining the dressing tool while resting on the lap surface with its axis substantially parallel to the axis of rotation of the lap surface, but free to move its axis through an angle so that the wear face may tend to conform with the lap surface when the latter is worn out of flatness. Such constraining means 18 and its associated parts prevent movement of the tool bodily from the surface while the lap is rotated and permit shifting of the dressing tool to vary the relative amount of overhang of the ring 16 with respect to the peripheral edges. I hold that Roshong discloses an apparatus capable of practicing the method set forth in Claims 11

and 12 as well as in apparatus which responds to Claims 13 and 14.

I hold Claims 11 to 14, inclusive, invalid for lack of invention and anticipation in view of Roshong patent No. 2,627,144; Morton patent No. 1,691,120; Desenberg patent No. 2,532,146. Senco Products, Inc. v. Fastener Corp., supra.

■ As to defendant's fifth contention, I hold that Claims 1 to 4 and 9 to 14, inclusive, are not invalid on grounds of indefiniteness.

■ As to defendant's sixth contention, I hold that reissue Claims 11 to 14, inclusive, are not invalid as not covering the invention intended to be covered by Bullard in his original patent No. 2,-565,590.

■ As to defendant's seventh contention, I hold that the reissue patent was not wrongfully issued.

As to defendant's eighth contention, I hold that patentee Bullard did comply with Title 35 U.S.C. § 112 and that the claims in issue are not invalid upon this ground.

■ I am aware of the presumption of validity which attaches to a patent, Title 35 U.S.C. § 282, but conclude in this case that such presumption "was overcome by clear and convincing evidence on the part of the defendants * * *" Century Industries, Inc. v. Wieboldt Stores, Inc., 7 Cir., 263 F.2d 934, 937. The commercial success of plaintiff's commercial device will not make patentability where invention is lacking. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., supra.

As I have previously pointed out in the consideration of the first four contentions of defendant, I hold reissue Claims 1 to 4, inclusive, and 9 to 14, inclusive, invalid. Though plaintiff's device represents an improvement, it is clear that from one or more related prior art patents, one having ordinary skill in the art would find the claimed invention obvious. Senco Products, Inc. v. Fastener Corp., supra.

Since I hold the reissue claims in suit invalid, I do not reach the question of infringement. Enterprise Railway Equipment Co. v. Keystone Railway Equipment Co., supra.

It is accordingly ordered, adjudged and decreed, for the reasons stated, that reissue Claims 1 to 4, inclusive, and 9 to 14, inclusive, of Bullard patent No. Re. 23,937, are invalid. Defendant's counterclaim for injunction is denied. The cause is hereby dismissed at plaintiff's costs.